# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ROBERT J. FISHBEIN,**

    **Plaintiff,**

                                      Civil Action 2:13-cv-650
    v.                              Judge Gregory L. Frost
                                        Magistrate Judge Elizabeth P. Deavers

**OHIO DEPARTMENT OF**
**REHABILITATION & CORRECTIONS,** *et al.,*

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, Robert J. Fishbein, a state inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983, alleging that Defendants, Ohio Department of Rehabilitation and Corrections ("ODRC"), Management Training Corporation ("MTC"), and corrections officer Matthew King, violated his First, Eighth, and Fourteenth Amendment rights. This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons set forth below, it is

**RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against ODRC and **TRANSFER** this action to the United States District Court for the Northern District of Ohio Western Division at Toledo.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>      \*      \*      \*
>
> (B) the action or appeal--
>
>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements

---

[1]Formerly 28 U.S.C. § 1915(d).

set forth in Federal Rule of Civil Procedure 8(a).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id*. (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party.  *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted).  The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'"  *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

**II.**

Plaintiff is an inmate at North Central Correctional Complex ("NCCC"), a prison in Marion County operated by Defendant MTC. Plaintiff advances a multiple claims under 42 U.S.C. § 1983 against MTC and Defendant King based upon the conditions of confinement and the propriety of a variety of incidents that allegedly occurred at NCCC. He brings two claims against ODRC, seeking monetary damages for both.

Plaintiff has failed to state plausible claims for relief against ODRC. The Eleventh Amendment of the United States Constitution operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cnty.*, 211 F.3d 331, 334 (6th Cir. 2000). "It is well established that § 1983 does not abrogate the Eleventh Amendment." *Harrison v. Michigan*, No. 10-2185, 2013 WL 3455488, at *3 (6th Cir. July 10, 2013) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). ODRC is an instrumentality of the state of Ohio. *Lowe v. Ohio Dep't of Rehab.*, No. 97-3971, 1998 WL 791817, at *2 (6th Cir. Nov. 4, 2008). Because Ohio has not waived its sovereign immunity in federal court, it is entitled to Eleventh Amendment immunity from suit for monetary damages. *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Further, ODRC is not a "person" who can be held liable under § 1983. *Diaz v. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013). Thus, dismissal pursuant to § 1915(e) of Plaintiff's claims against ODRC is appropriate. *See Wingo v. Tenn. Dept. of Corrs.*, 499 F. App'x 453, 454 (6th Cir. 2012) (affirming trial court's dismissal of inmate's claims against state agency under § 1915(e), explaining that the department and the prison were entitled to Eleventh Amendment immunity); *Harrison v. Michigan*, 2013 WL 3455488 at *3 (same).

4

Plaintiff's remaining claims are against Defendants who do not reside in this district and concern the conditions of his confinement and the propriety of certain incidents that he alleges occurred at NCCC.  Venue in this Court is, therefore, not proper.  *See* 28 U.S.C. § 1391 (venue is proper in the judicial district where any defendants reside or in which the claims arose).  Thus, it is **RECOMMENDED** that this action be **TRANSFERRED** pursuant to 28 U.S.C. § 1406 or 1404(a) to the United States District Court for the Northern District of Ohio Western Division at Toledo, which serves Marion County.

### III.

For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's claims against ODRC be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e) and 1915A.  It is further **RECOMMENDED** that this action be **TRANSFERRED** pursuant to 28 U.S.C. § 1406 or 1404(a) to the United States District Court for the Northern District of Ohio Western Division at Toledo.

The Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

### PROCEDURE ON OBJECTIONS

If Plaintiff seeks review by the District Judge of this Report and Recommendation, he may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


Date:  August 7, 2013                                    /s/ *Elizabeth A. Preston Deavers*
                                                                            Elizabeth A. Preston Deavers
                                                                            United States Magistrate Judge